Good morning, your honors. May it please the court, Katherine Tanaka on behalf of appellants, Mr. Eric Romero-Lobato. Your honors, I'd like to reserve two minutes for rebuttal and I will watch my time. There was no manifest necessity to declare a mistrial in this case. The record shows the district court acted abruptly and without a careful exercise of discretion and as a result its decision to declare a mistrial was based on a misunderstanding of Mr. Eric Romero-Lobato's defense and the unsupported conclusion that the government was unfairly surprised and prejudiced on the morning of trial. You do agree that he violated the rules? Your honor, no. Yes, your honor. So we do have pleadings that were filed a couple hours after the trial court deadline. However, the main pleading that seemed to drive the mistrial declaration was over the theory of defense jury instructions. Now the theory of defense jury instructions... He had several. You don't get off by just choosing one. He made filings on Friday for a Monday trial and then are you excusing that one and that that one doesn't count? No, your honor. So the trial court deadline was at noon on the motion in limine and amended exhibit lists that were filed a few hours past that. The theory of defense jury instructions, however, which seemed to be the driving force behind the declaration of the mistrial were not filed late. While Rule 30 does... You say the driving force. Is there something the judge said that he excused the preliminary finding? That's where I'm having a problem. You're not... He did not excuse that, did he? Your honor, while the judge referenced Rule 30, which allows him to set deadlines for the theory of defense or for jury instructions, the 2002 committee notes specifically notes that parties are able to supplement their jury instructions at any point during the trial. Now, Mr. Romero-Lobato's defense counsel explained that at the point that it filed these defense instructions, it was not sure whether or not they were going to actually pursue and request these instructions because, of course, it was not sure whether or not the facts were adduced at trial. But the real question that this court must decide in this case is that with these pleadings, was there a manifest necessity to declare a mistrial? And the answer to that question is that there was not. Counsel, let me ask you this. Under the Chapman case, we are supposed to consider a district judge's sua sponte declaration of a mistrial for manifest necessity with, and I quote, special deference, end quote. It sounds to me like what your position is is that your counsel, at least based on what I saw, basically was trying to sandbag the government. You're saying that we have to give a close call and the four-factor test that you want us to look at under Bates, we have to give that close call to your client, which would basically let him off scot-free based on double jeopardy. It's kind of like a reverse summary execution of the government's case based upon a close call. Is that what you're asking us to do? No, Your Honor. So, a few points. First, in terms of the deference, special deference is only reserved for cases where the trial court's determination is based on his own personal assessments and subjective observations. Because ultimately, the question is whether or not a fair trial could proceed or whether or not the proceedings needed to be terminated. And what case do you rely upon for that concept that is limited to basically some special observations that the court makes? Your Honor, the Supreme Court in Arizona v. Washington acknowledged that there are varying levels of deference and we afford special deference to situations, again, when the district court uses its own personal observations to determine, for example, there was juror bias that could not allow for a fair trial. Now, in this case, we do not have the defense counsel sandbagging the government because there was no unfair surprise. Now, this court, this Ninth Circuit under United States v. Hernandez Mesa has stated that unless there are specific rules or precedent that require advance notice to the government of a defense's theory, you know, for example, if under Rule 12, the defense was pursuing an affirmative defense, then, of course, we are obligated to give the government advance notice. However, the district court, and this was admittedly on the motion for reconsideration, the district court said, due to the failure of the defense to timely present its proposed instructions and the failure of the defense to meet the deadline as late as it was as of noon on last Friday to submit a proposed instruction, the failure to notify the government what it was intended to offer in a way in the course of this case, it is all due to defense error in the court's view. Now, I know you disagree with the court, but those are the three reasons that the manifest necessity was shown here. What's wrong with the court's analysis? Your Honor, the problem with the court's analysis is because in declaring a manifest necessity to find, to declare a mistrial, the question is, and I would cite to this court's decision in United States v. Bates, not only must the courts consider all potential alternatives to terminating the proceedings, it must choose an alternative if it is less harmful than ending these proceedings in depriving the defendant of his right to be tried by the jury first and paneled. Now, the issue in this case is that even with any potential late filings, the government never raised any issue with late filings, never requested a continuance, never indicated they were not able to go forward. Everything was centered around this belief that the government was and this court's precedent is clear in Hernandez v. Mesa. The defense has no obligation to disclose its theory of defense to the government. Defense Council intended to, their entire defense was based on holding the government to its standard, creating reasonable doubt to the element that the government must prove in this case, the element of alienage. The government was aware that defense council put forth. It had the burden to prove beyond a reasonable doubt the alienage element. So even though we have this finding from the district courts that pleadings were filed late, the question in this case is did it create a situation where a fair trial would not have been able to proceed? And the answer is no, because what the district court should have done in this case was taken a pause in the proceedings, clarified the legal issue. And at the very least, what the district court should have done is ask the jurors if he believed that this, this trial was going to require extensive briefing, which we believe, again, on the basis of the Ninth Circuit precedent, it's clear and would not have. Counsel, does the district judge, is the district judge required to state at the time of the prior to the decision, all of the reasons in this case he had for like a 3553A situation or even thought about it, but he didn't actually put it in writing until the motion for reconsideration? Your Honor, we're not seeking, we don't think that a blanket rule is necessary in this case. But the reason why it's important for, you know, in situations where we are reviewing whether a manifest necessity was apparent is because this court in United States v. Chapman has instructed that in this case, we should look to the procedures that were employed by the district courts. And you want to save any of your time for rebuttal? Yes, Your Honor. If that has sufficiently answered your question, I will reserve the rest of my time. Certainly. Thank you. Thank you. Let's hear from the government. Thank you, Your Honor. May it please the court, Angela Johnson for the United States. This case is about the authority of a district court judge to control his own courtroom, to enforce his own deadlines, and to prevent trial by ambush tactics. Judge Hicks is a very experienced trial judge. He acted within his discretion in declaring a mistrial due to the conduct of defense counsel and the impact that that conduct had on the integrity of the trial proceedings. I'd like to ask, if counsel had not submitted that quote, tentative jury instruction, whatever that means, and had just proceeded to put on his alienate, proceeded to see how trial went, and at the end said, well, now we need an instruction. What would have been different? Would this have been different? Was he required to put in that instruction request at that time? In this case, yes, he was required for two reasons. First, because under Rule 30, he had provided that instruction to the court. And Rule 30 is clear that if you provide an instruction to the court, you must also provide it to opposing counsel. So was he required to present it to the court? Or was he just being courteous? Was he required to present that instruction to the court? I do think there are scenarios where defense theories may come up during trial and can be presented at a later time. However, that was not the case here. If you actually look at these jury instructions, two of them are not theory of defense instructions. Simply labeling something a theory of defense instruction does not make it so. One was a burden of proof instruction, and one was a sufficiency of evidence instruction. Neither of those had any basis to be withheld, and they were provided late, inconsistent with the court's deadline. So in this case, no, I don't believe that there was any basis to ignore the court's deadline. Not to mention, these instructions were provided to the court after the noon deadline itself. So if the real reason was because they wanted to maintain these defense theories and see how they came out at trial, wouldn't the defense have confronted this with the judge in wouldn't they have brought it up at the calendar call? That there may be additional instructions. If they knew about this, they should have at least complied with the court deadlines, and they did not do that. Okay, so it seems to me that the court was said they the court wanted some time to consider whether these instructions should be used, or whether the alien age defense had any purpose in this trial. Whatever it was, he wanted some briefing on what was going to happen. Now, that seems like a reasonable reason to have a small delay. But let me ask you, wasn't he required to find out what the situation was with this jury? Whether anybody had any problems saying an extra day? I don't know that it doesn't sound to me like this was something that was going to delay this for very long, maybe a day. Was he required to find out what the jurors abilities were with regard to this? Was that a requirement? Was he supposed to find that out? I don't believe it was a requirement, but I do believe the record reflects that he contemplated that issue. So to begin with, it was not merely this alien age issue that caused the mistrial. If you look at the record, right before the declaration of the mistrial, a whole other issue developed regarding the 1996 deportation proceedings, the late disclosed exhibits, and whether or not there could be a collateral attack as to those proceedings in front of the jury. And that's when defense counsel started begging not to declare a mischarge, or not to exclude that evidence, because that was the sole defense of the defendant. So at this point, we have three, maybe four, complicated issues in front of the judge. He noted in the record that he had only canvassed this jury up to three days, and that he needed a briefing schedule. And I think if you look at the record subsequent to the correct, introducing that this was not a one to two day continuance. This case was briefed extensively post-trial. He contemplated a briefing schedule when he declared the mistrial. So I do think he considered his options fully, and he determined he was going to need multiple days, extensively on multiple issues, in order to make this determination. And that decision of his is entitled to great deference. So you're saying that at that point, he was not required to find out if this jury could stay for three days or four days. He could just assume that this was going to take a while, and that these jurors, it wouldn't be fair to them. He could just assume that, without asking. Is that your position? I don't think that he just assumed it. I think he was considering what he had canvassed the jurors on, and what he needed to do in that circumstance. Could he have asked the jury, can you stay for an extra day or two? Yes, he could have asked that. Would that have alleviated the problems he was facing? I don't think so, because he needed to not only conduct a trial, but he knew he needed extensive briefing, which was going to take longer than a few days. So I don't know that that would have fixed the issue for him. And he clearly believed that it would not have. And that decision is entitled to deference. I had asked your opposing counsel whether the district court was required to state contemporaneously with his decision to terminate the trial all of the reasons that he had in mind. I think, I'm not quite sure I understood your answer, but what is your answer? Did the judge have to say something at the time, or could the judge say later on as he did, this is what I was thinking? The judge is not required to state all of his reasons on the record at the time. He need only make a record of a sufficient basis. I think that's in Arizona versus Washington. But in this case, I will say that at the time, he did cover all of the base factors generally when he was making this ruling. His subsequent order merely gave more detail to his decision making. So no, he does not have to list all of the factors at the time he declares the mistrial. What I'm getting from you is you think that we owe him deference on his decision that it was going to take quite a bit of time to decide these issues. That that's what we should give him deference on. Is that true? Is that what you're saying? I do think he is entitled to deference in assessing what he needs under the circumstances. That is set forth in Arizona versus Washington, that the role of the reviewing court is not necessarily to say there's one way that this should have happened and assess whether or not the district court did that. I think their role is to assess the base factors and whether there was sound discretion exercised. And giving Judge Hicks deference with regard to what he needed in order to make these decisions about fairly complicated defense theories, I do believe he's entitled to deference as to that decision. What exactly did the judge ask be briefed after the mistrial was declared and before the current situation arose? He asked that the parties brief all of the proposed alienage defenses. So that would have included, in this case, I believe there was a foundling citizenship theory. There may or may not have been a derivative and or acquired citizenship theory. It wasn't ever clear in the briefing if defense wanted to proceed under those theories. He also wanted extensive briefing on these evidentiary matters related to the 1996 deportation proceedings. Because, as this court may recall, there was a whole motion to dismiss filed during the discovery phase on whether or not the deportation was legally sufficient. The judge found that it was. On the morning of trial, defense trial counsel provided an updated exhibit list listing several exhibits that had to do with the notice provided for those deportation proceedings. The fact that the defendant was a young age. The fact that he was deported in absentia. All of those issues have been declared legally sufficient by the judge. So there needed to be extensive briefing additionally on whether or not those items could be presented to the jury under just your rules of evidence. So there were quite a few issues that were requested to be briefed. Those were briefed, and I don't believe the judge is fully ruled on all of those issues at this time. Thank you. It looks like I'm also almost out of time. If there are no further questions, I would simply ask that this court affirm the district court and we would rest on the briefs. Thank you very much. Any other questions by my colleague? Hearing none. Good. I mean, Miss Tanaka, please proceed with your rebuttal. Thank you, Your Honor. Dr. Sony had asked whether or not the district court judge was required to ask the jury about its potential to continue. Now, there's been a lot of questions and discussion about deference to give to the district court judge. The deference that we give is whether or not the proceedings needed to be terminated because a fair trial was now impossible. We don't give deference to whether or not the district court judge appropriately considered whether he needed more time. So what the precedent here requires is that we're not asking the judge to ask any specific question every single case, but the district court judge must consider every potential alternative or must consider potential alternatives if they are less harmful than declaring a mistrial and terminating the proceedings. The judge did ask your client, did he not, whether he was giving up on the derivative alienage issue, did he not? And your client said no. Your Honor, that is correct because that was a proper defense for Romero-Lobato to pursue. On page 15 of the record, the district court judge concluded that it was, without asking the jurors, reasonable to assume that a continuance of the proceedings would not be feasible. This was an abuse of discretion because the district court judge did not take that step, ask the question to those jurors in exercising proper discretion. For these reasons, we request the district court reverse the district court's decision. Any other questions by my colleagues? No, thank you. Thanks. We thank both counsel for your argument. That's very helpful. The case of United States v. Romero-Lobato is now submitted.
judges: Wallace, M. Smith, Restani